UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re:                                    Chapter 11

    FN Building L.L.C.                    Case No. 11-46947-mbm

        Debtor.                          Hon. Marci B. McIvor
_____/

### COVER SHEET FOR MOTION TO APPROVE SALE PROCEDURES

The debtor has filed a motion for approval of procedures for the sale of assets, which is attached to this cover sheet. Pursuant to E.D. Mich. L.B.R. 6004-1, the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| PROVISION | Contained in proposed order | Location in proposed order |
|---|---|---|
| (1) Provisions concerning the qualifications of the bidding parties. | ___ Yes<br>_X_ No | Page ___, ¶ ___ |
| (2) Provisions concerning the criteria for a qualifying bid and any deadlines for (i) submitting such a bid, and (ii) notification of whether the bid made constitutes a qualifying bid. | ___ Yes<br>_X_ No | Page ___, ¶ ___ |
| (3) Provisions that require qualified bids to identify points of variation from the stalking horse bid (including price and other terms). | ___ Yes<br>_X_ No | Page ___, ¶ ___ |

| | | |
|---|---|---|
| (4) Provisions pertaining to the conditions to the qualified bidders' obligation to consummate the purchase (including the time period within which the purchaser must close the transaction). | ____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (5) Provisions pertaining to the amount required for a good faith deposit. | ____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (6) Provisions that relate to a "Back-Up Buyer" should the first winning bidder fail to close the transaction within a specified period of time. | ____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (7) No-shop or No-Solicitation provisions including the justification for such provision. | ____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (8) Provisions relating to Break-Up fees, Topping fees, and/or Expense Reimbursement (including the waiver of such fees due to rebidding). | __X__ Yes<br><br>____ No | Page <u>1-6</u> ¶<u>A-I; 1-7</u> |
| (9) Provisions specifying the bidding increments. | ____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (10) Provisions relating to auction procedures including manner in which auction is to be conducted and when the auction will be open and when it will close. | ____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (11) Provisions relating to whether the auction will occur and the termination of the auction process and/or sale. | ____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (12) Provision whether 14 day stay of F.R.BankrP. 6004(h) and 6006(d) is waived. | ____ Yes<br><br>__X__ No | Page ___, ¶ ___ |
| (13) Provisions regarding timing for notice, submission of bids, objections to sale and other key events. | __X__ Yes<br><br>____ No | Page <u>4-6</u>, ¶<u>4-7</u> |

Date: <u>April 25, 2011</u>

/s/ Martin L. Fried
Martin L. Fried P13712
marty@bk-lawyer.net
4000 Town Center, Suite 1200
Southfield, MI 48075
(248) 355-5300

| 1.UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF MICHIGAN<br>SOUTHERN DIVISION | |
|---|---|
| In re:<br><br>**FN BUILDING L.L.C.**,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-46947<br>Hon. Marci B. McIvor |

**DEBTOR'S MOTION FOR APPROVAL OF (A) A BREAK-UP FEE AND EXPENSE REIMBURSEMENT AND (B) (1) PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (2) FORM OF NOTICE OF CONTRACT ASSUMPTION AND ASSIGNMENT AND CURE AMOUNTS IN CONNECTION WITH SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

FN Building L.L.C. (the "Debtor"), the debtor and debtor-in-possession in the above captioned chapter 11 case, requests approval of (A) a break-up fee (the "Break-up Fee") and expense reimbursement ("Expense Reimbursement") and (B) (1) procedures for assumption and assignment of executory contracts and unexpired leases and (2) form of notice of contract assumption and assignment and cure amounts in conjunction with the Debtor's Plan of Reorganization (the "Plan"). The relief requested in this Motion relates to a Purchase Agreement (the "Purchase Agreement") that contemplates a sale, pursuant to the Plan, of substantially all of the Debtor's assets (collectively the "Property") free and clear of all liens, claims, interests and other encumbrances to 660 Woodward Associates LLC ("Purchaser"). The Purchase Agreement is attached as Exhibit 3-A .

In further support of this Motion, the Debtor states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider and determine this motion pursuant to 28

1

U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this motion include Sections 105(a), 361, 362, 363 and 365 and 1123 of the Bankruptcy Code, and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure, and this Court's Local Rule 6004-1.

### BACKGROUND

3. On January 26, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. In connection with the Debtor's Plan, the Debtor seeks approval of the Break-Up Fee and Expense Reimbursement, and procedures regarding the assumption and assignment of executory contracts and unexpired leases, to ensure an orderly sale process and promote the maximum recovery for the Debtor's estate from the Property.

### RELIEF REQUESTED

5. Paragraph 9(d)(2) of the Purchase Agreement requires that Debtor petition this Court on an expedited basis "for approval . . . of the Expense Reimbursement and the Break-up Fee in form substance reasonably acceptable to Purchaser".

6. The Debtor requests that the Bankruptcy Court enter an order substantially in the form attached hereto as Exhibit 1.

**A.     The Break-Up Fee and Expense Reimbursement are Reasonable and Should Be Approved**

7.  The Purchase Agreement provides, in the event that Purchaser is not ultimately the successful bidder and in consideration of Purchaser's having expended considerable time and substantial expense in connection with the negotiation of the Purchase Agreement and Purchaser's due diligence investigation of the Property, that Purchaser is entitled to the Expense Reimbursement and Break-Up Fee. The Expense Reimbursement will reimburse Purchaser for its reasonable, out-of-pocket costs and expenses (including reasonable attorneys' and consultants' fees) actually incurred in connection with the Purchase Agreement and the related transactions in an amount not to exceed $150,000.00 (the "Expense Reimbursement"). In addition, Purchaser is entitled to a break-up fee equal to $250,000.000 (the "Break-Up Fee"). The Expense Reimbursement and Break-Up Fee shall be paid to Purchaser within one (1) Business Day of the closing of the Alternative Transaction as an allowed administrative expense claim in the Bankruptcy Case pursuant to Section 503(b)(1) of the Bankruptcy Code with priority over every other claim allowable under such subsection.

8.  Good and sufficient cause exists to approve the Expense Reimbursement and the Break-Up Fee. The Expense Reimbursement and the Break-Up Fee are the product of extensive negotiation between the Debtor and Purchaser. The Purchase Agreement is the culmination of these efforts. The Expense Reimbursement and the Break-Up Fee provide reasonable and ordinary protection to Purchaser.

9.  The Expense Reimbursement and the Break-Up Fee were material inducements for, and a condition of, Purchaser's entry into the Purchase Agreement. Purchaser is unwilling to proceed with the Purchase Agreement without the Expense Reimbursement and the Break-Up Fee. The Expense Reimbursement and Break-Up Fee are, therefore, reasonable and necessary

costs of preserving the value of the Debtor's estate.

10. By Purchaser's negotiating and entering into the Purchase Agreement, much of the due diligence, contract negotiation, and other work necessary to submit a bid for the Property will have been completed. The approval of the Expense Reimbursement and the Break-Up Fee will therefore benefit the Debtor's bankruptcy estate.

11. The Expense Reimbursement and the Break-Up Fee are common in sales of this type and complexity and are reasonable given the complexity of the transaction contemplated by the Purchase Agreement. "Courts have adopted as a rule of thumb a limitation on a breakup or topping fee of about 3 percent of the consideration the buyer will pay for the assets, including assumption of liabilities, although courts have approved higher amounts, up to about 5 percent of the consideration, in unusual circumstances." 3 Collier on Bankruptcy ¶363.02[7] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2010). In this case, the Purchase Price is $8,125,000.00, which does not include the cost of additional variable liabilities that the Purchaser will assume under the Purchase Agreement.[1] The Break-Up Fee represents approximately 3 percent of the Purchase Price. The Expense Reimbursement will vary depending on the costs incurred by the Purchaser, but at most will represent approximately 1.8 percent of the Purchase Price. The Expense Reimbursement and the Break-Up Fee are reasonable in size and should be approved.

### B. Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases

---

[1] These additional liabilities include: (i) 100% of the Cure Costs asserted by Honigman Miller Schwartz and Cohn LLP ("Honigman") relating to the lease between Honigman and the Seller; and (ii) the aggregate of all other Cure Costs over the first $25,000.00.

4

**12. With respect to executory contracts and/or unexpired leases that are to be assumed and assigned to Purchaser pursuant to the Purchase Agreement (collectively, the "Assumed Contracts"), the Debtor proposes the following procedures:**

   a. Any interested party seeking to object to the assumption and assignment, or to the validity of the cure amount, if any, as set forth in the Assumed Contract Notice (as defined below), or to otherwise assert that any amounts, defaults, conditions, monetary and non-monetary losses and damages (including accrued but not yet due obligations) that must be cured or satisfied under any of the Assumed Contracts in order for such contract or lease to be assumed and/or assigned (collectively, a "Cure Obligation"), must file and serve an objection (a "Assumption/Assignment Objection") so that such Assumption/Assignment Objection is docketed and received by the Service Parties (as defined below) not later than June 21, 2011 (the "Assumption/Assignment Objection Deadline").

   b. An Assumption/Assignment Objection must set forth with specificity any and all Cure Obligations or conditions which such party asserts must be cured or satisfied in connection with the assumption and assignment of such Assumed Contract. An Assumption/Assignment Objection shall set forth the cure amount that the objector asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to assumption and

assignment, and the support therefor, and all other objections to assumption and assignment.

c. Unless an Assumption/Assignment Objection is filed and served by the Assumption/Assignment Objection Deadline, all interested parties who have received actual notice of these procedures shall be deemed to have waived and released any right to assert a Cure Obligation and to have otherwise consented to the assumption and assignment and shall be forever barred and estopped from asserting or claiming against the Debtor, the buyer of the Property, or any other assignee of the relevant Assumed Contract that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such contract for the period prior to the Petition Date. Upon entry of the order confirming the Plan and the closing of the sale of the Property, each non-debtor party to each Assumed Contract will be required to fully perform all duties and obligations arising under such Assumed Contract, according to its terms.

d. Hearings with respect to any Assumption/Assignment Objections may be held (i) at the hearing regarding confirmation of the Plan, or (ii) at such other date as the Court may designate; <u>provided that</u> the subject Assumed Contract may be assumed and assigned prior to resolution of any Assumption/Assignment Objection subject to later payment of the Cure Obligation upon entry of a final order establishing the Cure Obligation.

e. The "Service Parties" include: Office of the United States Trustee, 211 West Fort Street, Suite 700, Detroit, MI 48226; Martin L. Fried (counsel for the Debtor), Goldstein Bershad & Fried PC, 4000 Town Center, Suite 1200, Southfield, MI 48075; FNB Detroit 2010 LLC, c/o Kriss & Feuerstein, 360 Lexington Ave, New York, NY 10017; E. Todd Sable (counsel for 660 Woodward Associates LLC), Honigman Miller Schwartz and Cohn LLP, 2290 First National Building, 660 Woodward Avenue, Detroit, MI 48226-3506.

f. Attached as Exhibit 3-B is a proposed form of notice (the "Notice of Assumption and Assignment of Contracts") that includes information with respect to the procedures for the Assumed Contracts. The Debtor proposes to serve the Notice of Sale and Assumption and Assignment of Contracts on all parties to the Assumed Contracts.

### C. These Sale Procedures Should Be Approved

13. These sale procedures are usual and ordinary for going-concern sales in this district and should be approved.

14. The paramount purpose of any sale of property of the estate is maximization of the proceeds to be received. *See, e.g., In re Mushroom Transp. Co., Inc.*, 382 F3d 325, 339 (3d Cir. 2004). Courts recognize that bid procedures are an effective way to enhance competitive bidding and maximize the value to be received from sales of estate property. *See In re Integrated Res., Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992) (bid procedures "encourage bidding

and . . . . maximize the value of the debtor's assets).

## NOTICE

15. Copies of this Motion have been served upon: (i) the Office of the United States Trustee; (ii) counsel for the Purchaser; (iii) all parties who have filed a notice of appearance and request for notice in these proceedings and (iv) all parties listed on the court matrix. The Debtor requests that such notice be deemed sufficient and appropriate notice.

WHEREFORE, the Debtor requests that the Court:

(a) Schedule a hearing on this Motion on or before to May 2, 2011,

(b) Approve the Expense Reimbursement and the Break-Up Fee,

(c) Approve the procedures with respect to the assumption and assignment of Assumed Contracts,

(d) Enter the proposed Order, substantially in the form attached as Exhibit 1,

(e) Approve the Notice of Sale and Assumption and Assignment of Contracts attached hereto as Exhibit 3-B, and

(f) Grant such other relief as is just and proper.

Respectfully submitted

GOLDSTEIN, BERSHAD & FRIED, P.C.

/s/ Martin L. Fried
Martin L. Fried (P13712)
Attorneys for Debtor
4000 Town Center, Suite 1200
Southfield, Michigan 48075
(248) 355-5300
(248) 355-4644 - Fax
marty@bk-lawyer.net

Dated: April 25, 2011

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT OF MICHIGAN  SOUTHERN DIVISION ||
|---|---|
| In re:  **FN BUILDING L.L.C.**,  Debtor. | Chapter 11  Case No. 11-46947  Hon. Marci B. McIvor |

**ORDER GRANTING DEBTOR'S MOTION FOR APPROVAL OF (A) A BREAK-UP FEE AND EXPENSE REIMBURSEMENT AND (B) (1) PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (2) FORM OF NOTICE OF CONTRACT ASSUMPTION AND ASSIGNMENT AND CURE AMOUNTS IN CONNECTION WITH SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

THIS MATTER having come before the Court upon the Motion (the "Motion") of FN Building L.L.C. (the "Debtor") for approval of (A) a break-up fee (the "Break-up Fee") and expense reimbursement ("Expense Reimbursement") and (B) (1) procedures for assumption and assignment of executory contracts and unexpired leases and (2) form of notice of contract assumption and assignment and cure amounts in conjunction with the Debtor's Plan of Reorganization (the "Plan"); and the Court having considered the Motion and all pleadings associated with Motion; and upon the arguments of counsel and the evidence presented at the hearing on the Motion; and upon due deliberation;

THE COURT FINDS THAT:

A. Capitalized terms not otherwise defined in this order shall have the respective meanings attributed to such terms in the Motion.

B. This Court has jurisdiction over this bankruptcy case and the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**EXHIBIT 1**

C. The Purchase Agreement provides that Purchaser is entitled to a Break-Up Fee of $250,000 (the "Break-Up Fee") plus reimbursement of up to $150,000 of Purchaser's reasonable, documented out-of-pocket expenses incurred in connection with negotiating the Purchase Agreement and the transactions contemplated by the Purchase Agreement (the "Sale"), and conducting due diligence related to the Purchase Agreement and the Sale (the "Expense Reimbursement").

D. Purchaser has expended, and likely will continue to expend considerable time, and substantial money and energy pursuing the sale and has engaged in extended and lengthy good faith negotiations. The Purchase Agreement is the culmination of these efforts.

E. The Break-Up Fee and Expense Reimbursement provisions were a material inducement for, and a condition of, Purchaser's entry into the Purchase Agreement. The approval of the Break-Up Fee and Expense Reimbursement will benefit the Debtor's bankruptcy estate. Break-up fees and expense reimbursements are common in sales of this type and complexity, and the amounts of the Break-Up Fee and Expense Reimbursement is reasonable in the circumstances.

F. The Break-Up Fee was negotiated by the parties in good faith and at arms' length, and is fair and reasonable in view of, among other things (i) the intensive analysis, due diligence investigation, and negotiation undertaken by Purchaser in connection with the Sale and (ii) the fact that Purchaser's efforts have increased the chances that the Debtor will receive the highest and best offer available for the Property.

G. The proposed procedures provided in the Motion for the assumption and assignment of executory contracts and unexpired leases, and the setting of Cure Obligations in

accordance therewith, is reasonable and in accordance with Section 365 of the Bankruptcy Code and applicable law.

H.  Notice of the Motion was appropriate in the circumstances and no further notice is required.

I.  Good and sufficient cause exists for the entry of this Order.

THEREFORE, it is ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  The Motion is granted in its entirety.

2.  The provisions of Section 9 of the Purchase Agreement, requiring the Debtor to pay the Break-Up Fee and the Expense Reimbursement to Purchaser, if and when such obligation arises under the terms and conditions set forth therein, are approved and include the following:

> In consideration for Purchaser having expended considerable time and expense in connection with this Agreement and the negotiation thereof, upon a termination of this Agreement due to an Alternative Transaction (defined below), Seller shall reimburse Purchaser for its reasonable, out-of-pocket costs and expenses (including reasonable attorneys' and consultants' fees) incurred by Purchaser in connection with this Agreement and the transactions contemplated hereby in an amount not to exceed $150,000 (the "Expense Reimbursement") plus a break-up fee in the amount of $250,000 (the "Break-up Fee"); provided, however, the Break-up Fee shall not be due and payable to Purchaser if Purchaser has committed a material breach of this Agreement prior to any such termination of this Agreement, which has not been cured by Purchaser. The Expense Reimbursement and Break-up Fee will be paid to Purchaser immediately upon the closing of an Alternative Transaction, prior to the payment of the proceeds of such sale to any third party asserting an Encumbrance on the Property (and no Encumbrance of any third party shall attach to the portion of the sale proceeds representing the Expense Reimbursement or the Break-up Fee). The Expense Reimbursement and the Break-up Fee will be paid to Purchaser as an allowed administrative expense claim in the Bankruptcy Case, pursuant to Section 503(b)(1) of the

3

Bankruptcy Code, which shall have priority over every other claim allowable under such subsection.[1]

3. Purchaser's right to the Break-Up Fee and Expense Reimbursement, under the terms and conditions set forth in the Purchase Agreement, is deemed to be an allowed administrative expense claim against the Debtor and its bankruptcy estate under section 503(b) of the Bankruptcy Code with priority over every other claim allowable under such subsection. The Debtor is authorized and directed to immediately pay the Break-Up Fee and Expense Reimbursement in the time and manner set forth in the Purchase Agreement, if and when the Debtor's obligation arises thereunder, without any other or further notice or order of this Court. The Debtor's obligation to pay the Break-Up Fee and Expense Reimbursement shall (i) survive termination of the Purchase Agreement, (ii) not be discharged, modified or otherwise affected by any plan of reorganization or liquidation of the Debtor or any order dismissing the Debtor's chapter 11 case or converting it to a chapter 7 liquidation, and (iii) be binding on any trustee subsequently appointed in this case.

4. The following procedures shall apply with respect to executory contracts and/or unexpired leases that are proposed to be assumed and assigned pursuant to the Purchase Agreement (collectively the "Assumed Contracts"):

    a. Any interested party seeking to object to the assumption and assignment, or to the validity of the cure amount, if any, as set forth in the Assumed Contract

---

[1] As defined in the Purchase Agreement, "Alternative Transaction" means the sale, transfer, lease or other disposition, directly or indirectly, including through an asset sale, stock sale, merger or other similar transaction, of the Property in a transaction or a series of transactions with one or more persons or entities, other than Purchaser. Other capitalized terms in this paragraph have the meanings given to them in the Purchase Agreement.

Notice (as defined below), or to otherwise assert that any amounts, defaults, conditions, monetary and non-monetary losses and damages (including accrued but not yet due obligations) that must be cured or satisfied under any of the Assumed Contracts in order for such contract or lease to be assumed and/or assigned (collectively, a "Cure Obligation"), must file and serve an objection (a "Assumption/Assignment Objection") so that such Assumption/Assignment Objection is docketed and received by the Service Parties (as defined below) not later than June 21, 2011 (the "Assumption/Assignment Objection Deadline").

b. An Assumption/Assignment Objection must set forth with specificity any and all Cure Obligations or conditions which such party asserts must be cured or satisfied in connection with the assumption and assignment of such Assumed Contract. An Assumption/Assignment Objection shall set forth the cure amount that the objector asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to assumption and assignment, and the support therefor, and all other objections to assumption and assignment.

c. Unless an Assumption/Assignment Objection is filed and served by the Assumption/Assignment Objection Deadline, all interested parties who have received actual notice of these procedures shall be deemed to have waived and released any right to assert a Cure Obligation and to have otherwise consented to the assumption and assignment and shall be forever barred and estopped from asserting or claiming against the Debtor, the buyer of the Property, or any other assignee of the relevant Assumed Contract that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such contract for the period prior to the Petition Date. Upon entry of the order confirming the Plan and the closing of the sale of the Property, each non-debtor party to each Assumed Contract will be required to fully perform all duties and obligations arising under such Assumed Contract, according to its terms.

d. Hearings with respect to any Assumption/Assignment Objections may be held (i) at the hearing regarding confirmation of the Plan, or (ii) at such other date as the Court may designate; <u>provided that</u> the subject Assumed Contract may be assumed and assigned prior to resolution of any Assumption/Assignment Objection subject to later payment of the Cure Obligation upon entry of a final order establishing the Cure Obligation.

e. Attached as Exhibit 3-B is a proposed form of notice (the "Notice of Assumption and Assignment of Contracts") that includes information with respect to the procedures for the Assumed Contracts. The Debtor proposes to

5

serve the Notice of Sale and Assumption and Assignment of Contracts on all parties to the Assumed Contracts.

    f.   The "Service Parties" include: Office of the United States Trustee, 211 West Fort Street, Suite 700, Detroit, MI 48226; Martin L. Fried (counsel for the Debtor), Goldstein Bershad & Fried PC, 4000 Town Center, Suite 1200, Southfield, MI 48075; FNB Detroit 2010 LLC, c/o Kriss & Feuerstein, 360 Lexington Ave, New York, NY 10017; E. Todd Sable (counsel for 660 Woodward Associates LLC), Honigman Miller Schwartz and Cohn LLP, 2290 First National Building, 660 Woodward Avenue, Detroit, MI 48226-3506.

5.    The Notice of Sale and Assumption and Assignment of Contracts attached to the Motion as Exhibit 3-B is approved.

6.    The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order, including to (i) interpret, implement and enforce the provisions of this Order and the Purchase Agreement related to the Break-Up Fee, the Expense Reimbursement, and the assumption and assignment of the Assumed Contracts, and (ii) enforce Purchaser's rights with respect to its administrative expense claims granted hereunder.

7.    The Debtor is authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established by this Order.

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

FN Building, L.L.C.

Case No. 11-46947-mbm
Hon. Marci B. McIvor
Chapter 11

      Debtor.
_____/

## NOTICE OF DEBTOR'S MOTION FOR APPROVAL OF (A) A BREAK-UP FEE AND EXPENSE REIMBURSEMENT AND (B) (1) PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (2) FORM OF NOTICE OF CONTRACT ASSUMPTION AND ASSIGNMENT AND CURE AMOUNTS IN CONNECTION WITH SALE OF THE DEBTOR'S ASSETS FREE AND <u>CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES</u>

The undersigned has filed papers with the Court for the following relief:

**ENTRY OF AN ORDER GRANTING DEBTOR'S MOTION FOR APPROVAL OF (A) A BREAK-UP FEE AND EXPENSE REIMBURSEMENT AND (B) (1) PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (2) FORM OF NOTICE OF CONTRACT ASSUMPTION AND ASSIGNMENT AND CURE AMOUNTS IN CONNECTION WITH SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>**

<u>Your rights may be affected.</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the Court to grant the relief requested, or if you want the Court to consider your views on the Motion, **within 14 days,** you or your attorney must:

1.    File with the court a written response to the objection, explaining your position at:[1]

                      United States Bankruptcy Court
                      211 West Fort Street, 17th Floor
                      Detroit, Michigan 48226



---

[1] Response or answer must comply with F.R.Civ.P. 8(b),(c) and (e).

E:\FN Building\Motion for Approval docs\ntc mtn.wpd          1

If you mail your response to the court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must mail a copy to:

> Martin L. Fried, Esq.
> Goldstein Bershad & Fried, P.C.
> Attorneys for Debtor
> 4000 Town Center, Suite 1200
> Southfield, MI 48075

If there is a **SERVICE LIST** attached to this notice, then you must also mail a copy to the persons on the attached **SERVICE LIST.**

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted,

GOLDSTEIN BERSHAD & FRIED, P.C.

By: /s/ Martin L. Fried
Martin L. Fried P13712
Attorneys for Debtor
4000 Town Center, Suite 1200
Southfield, MI 48075
(248) 355-5300
(248) 355-4644 - fAX
marty@bk-lawyer.net

Dated: April 25, 2011

E:\FN Building\Motion for Approval docs\ntc mtn.wpd

2