UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: FN BUILDING, L.L.C.  	Case No. 11-46947
 	Chapter 11
Debtor.  	Hon. Marci B. McIvor
_____/

**ORDER: (1) CONDITIONALLY RESOLVING CLAIMS AND OBJECTIONS OF HONIGMAN MILLER SCHWARTZ AND COHN LLP; (2) WITHDRAWING THE DEBTOR'S PLAN AND DISCLOSURE STATEMENT; (3) AMENDING THIS COURT'S SCHEDULING ORDER; (4) SETTING THE DEADLINE FOR FILING A MOTION UNDER 11 U.S.C. SECTION 363; (5) SETTING THE HEARING DATE ON THE 363 MOTION; AND (6) OTHER RELIEF**

This matter comes before the Court on the stipulation of Debtor FN Building, LLC (the "Debtor"), and creditor and tenant Honigman Miller Schwartz and Cohn LLP ("Honigman"), and the Court being fully advised in the premises:

THE COURT FINDS:

A. The Debtor's sole asset is a twenty five story office building located in downtown Detroit commonly known as the First National Building (the "Building").

B. The largest tenant in the Building is Honigman which leases approximately five full floors in the Building.

C. Honigman is asserting a claim against the Debtor for in excess of $1 million for, among other things, the Debtor's alleged breach of its lease with Honigman.

D. On January 26, 2011 (the "Petition Date"), the Debtor filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "SDNY Court").

E. On March 9, 2011, the SDNY Court entered an Order transferring venue to the United States Bankruptcy Court for the Eastern District of Michigan [Doc. #17].

F. Prior to the Petition Date, in 2009, the Debtor's lender sought to have a receiver appointed for the Building by commencing a foreclosure proceeding. The Wayne County Circuit Court appointed O'Keefe & Associates Consulting LLC (the "Receiver") as receiver for the Building. Through this bankruptcy proceeding, the Receiver has remained in control of the Building, including the Building's day to day operations and management.

G. On March 30, 2011, this Court entered its Order Allowing the Receiver to Use Cash Collateral [Doc. #44] (the "Cash Collateral Order").

H. On March 24, 2011, this Court entered its Order [Doc. #31] setting the bar date to file Proofs of Claim as June 24, 2011 (the "Bar Date").

I. The Debtor filed a First Amended Disclosure Statement [Doc. #78] (the "Disclosure Statement") and a First Amended Plan of Reorganization [Doc. #79] (the "Plan") proposing a sale of the Building to 660 Woodward Associates LLC ("660 Woodward"), pursuant to a Purchase Agreement entered into on April 4, 2011 (the "Purchase Agreement").

J. On April 7, 2011, the Court entered an Order [Doc. #53] setting deadlines and hearing dates with regard to among other things, the Disclosure Statement and the Plan which was amended by Order of the Court on May 2, 2011 [Doc. #84] (as amended, the "Scheduling Order").

K. Concerned about preservation of its rights if the sale to 660 Woodward in accordance with the Purchase Agreement (the "660 Sale") or an alternative sale to a different purchaser who is acceptable to Honigman and on terms that are acceptable to Honigman, in Honigman's sole and absolute discretion ("Acceptable Alternative") does not occur, Honigman has raised a number of issues including whether the Disclosure Statement contains adequate disclosure, whether the Plan was the right mechanism for consummation of the 660 Sale or an

Acceptable Alternative, and whether the Plan is confirmable. In addition, on April 25, 2011, Honigman filed a Motion for 2004 Examination [Doc. #67] (the "2004 Motion").

L. The Court also raised concerns of whether the Plan was an appropriate mechanism for consummation of the 660 Sale or an Acceptable Alternative.

M. Honigman, the Debtor and the Court all agree that under the circumstances, consummation of the 660 Sale or an Acceptable Alternative under 11 U.S.C. Section 363 is the preferred method.

N. Accordingly, the Debtor will be filing a Motion to approve the 660 Sale pursuant to 11 U.S.C. Section 363 (the "363 Motion") and has agreed to withdraw the Plan and the Disclosure Statement, provided that the Debtor and 660 Woodward execute an amendment to the Purchase Agreement to provide for a sale pursuant to 11 U.S.C. Section 363, and the Court enters this order. Accordingly, the Court denied without prejudice the 2004 Motion.

O. Because parties will be relying on this Order, there is no just reason for delay of entry of this Order.

IT IS ORDERED:

1. The Disclosure Statement and the Plan are withdrawn.

2. All dates in the Scheduling Order relating to a Plan and a Disclosure Statement are set aside. All other deadlines and hearing dates remain as set in the Scheduling Order. Similarly, the deadline set forth in paragraph 1 of the Cash Collateral Order for parties in interest to challenge the lender's claims and interests is set aside and accordingly such rights to challenge are fully preserved until further order of this Court.

3. By no later than June 7, 2011, the Debtor shall file the 363 Motion with a proposed order not inconsistent with the terms of this Order, and incorporating or referencing

paragraphs 5 and 6 of this Order. The hearing on the 363 Motion will be at 10:30 a.m. on June 28, 2011.

4. If the 660 Sale or an Acceptable Alternative occurs and closes pursuant to an order entered by this Court under 11 U.S.C. Section 363, and the Honigman lease is assumed and assigned to the successful purchaser on terms acceptable to Honigman for cure of Honigman's claims, that shall resolve all of Honigman's issues. In that event, Honigman waives any claims, including derivative claims, it has against the Debtor, FNB Detroit 2010, LLC ("FNB Detroit"), and all members, principals, insiders, and affiliates of the Debtor and FNB Detroit and their officers, directors, managing members, and employees (collectively, the "Debtor Parties"), relating to (a) its lease with the Debtor, (b) the Building, (c) any prepetition litigation involving the Debtor, and (d) this bankruptcy proceeding, including any objection to claims of the Debtor Parties in this bankruptcy proceeding.

5. If the 660 Sale or an Acceptable Alternative occurs and closes pursuant to an order entered by this Court under 11 U.S.C. Section 363, and the Honigman lease is assumed and assigned to the successful purchaser on terms acceptable to Honigman for cure of Honigman's claims, as of the closing, the Debtor, on behalf of itself and any subsequently appointed Chapter 11 or 7 trustee in this matter, and on behalf of the Debtor's past, present, and future beneficiaries, successors and assigns, any parents, subsidiaries, affiliates, related companies, officers, directors, members, partners, shareholders, principals, employees, representatives, attorneys, legal representatives, insurers, agents, servants, contractors and predecessors (collectively, "Debtor Releasors"), shall release, acquit and forever discharge Honigman and its past, present and future beneficiaries, successors, assigns, officers, directors, shareholders, employees, representatives, members, partners, attorneys, legal representatives, insurers, reinsurers, agents, contractors,

4

predecessors, and related entities (collectively, the "Honigman Released Parties"), from any and all manner of claims, counterclaims, actions, causes of action, liabilities, lawsuits, debts, injuries, sums of money, attorney's fees, controversies, costs, damages, judgments, proceedings, demands, agreements, promises, representations, duties and obligations, past or present, asserted or unasserted, known or unknown, suspected or unsuspected, contingent or fixed, direct or derivative, choate or inchoate, based on acts or omissions of any kind, in law, equity, or otherwise, whether based in contract, equity, tort, negligence, intentional tort, warranty (express or implied), strict liability, fraud, consumer fraud, criminal law, by statute, other legal or equitable theory, or otherwise, based on acts or omissions of any of the Honigman Released Parties relating in any way to the Debtor arising prior to the closing (the "Debtor Released Claims"). The Debtor Released Claims include but are not limited to claims (a) arising under any lease with Honigman, (b) Honigman's occupancy of the Building, (c) arising under or related to any relationship between Honigman and the Debtor Releasors, and (d) claims arising under Chapter 5 of the Bankruptcy Code.

6. If, for any reason, the 660 Sale or Acceptable Alternative is not consummated and closed as requested in the 363 Motion, despite any provisions in this Order to the contrary: (a) Honigman shall not have released, acquitted or discharged any of the claims against the Debtor Parties described in paragraph four of the order; (b) no proceeds from any sale, cash collateral or any other proceeds can be distributed to the Debtor Parties without appropriate notice and opportunity to object first being given to all parties in interest and after hearing and entry of an order by this Court; (c) the Debtor may not release any claims or rights it has against any of the Debtor Parties without appropriate notice and opportunity to object first being given to all parties in interest and after hearing and entry of an order by this Court; (d) Honigman is entitled to

5

conduct the discovery that it requested in the 2004 Motion, subject to Debtor's objection that it has no ability to produce 3 of the 4 named individuals; and (e) the Debtor's creditors' (including but not limited to, Honigman) and the estate's rights are fully preserved with respect to: (i) the assertion of claims against the Debtor Parties; (ii) the objection to claims filed and/or asserted in this bankruptcy case and the classification and treatment of such claims; (iii) the objection to the assumption and assignment of leases; (iv) seeking the subordination/recharacterization of claims; (v) the pursuit of the recovery of insurance proceeds; (vi) pursuing any causes of action including claims against any and all of the Debtor Parties; and (viii) challenging the validity of liens, priority of claims, interests, distribution schemes, or any other matters; and (f) all of the Debtor Released Claims, described in paragraph 5 hereof, are reinstated.

7. Irrespective of the Bar Date, unless the 660 Sale or an Acceptable Alternative occurs and closes pursuant to an order entered by this Court under 11 U.S.C. Section 363, and the Honigman lease is assumed and assigned to the successful purchaser on terms acceptable to Honigman for cure of Honigman's claims, Honigman shall be entitled to file a proof of claim within the later of: (a) 30 days after the date set for such closing has passed; or (b) August 31, 2011, provided that all objections of the Debtor and FNB Detroit to such claim are preserved.

8. In that there is no just reason for delay, this Order is final pursuant to Fed.R.Civ.P. 54(b) (made applicable to these proceedings by Fed.R.Bankr.P 7054(a)), and notwithstanding the stay imposed by Fed.R.Bankr.P. 3020(e).

9. Notice of the entry of this Order shall be provided to all those listed on the service matrix within 2 business days of its entry. Notice via ECF is sufficient to those listed in the ECF system. To all others, notice shall be mailed within such time period. Notice provided in compliance with this paragraph shall constitute valid and sufficient notice.

10. The effectiveness of this Order is contingent on an amendment to the Purchase Agreement providing for a 363 sale consistent with the terms of this Order signed by June 6, 2011.

.

**Signed on May 24, 2011**

　　　　　　　　　　　　　　　　/s/ Marci B. McIvor
　　　　　　　　　　　　　　　　Marci B. McIvor
　　　　　　　　　　　　　　　　United States Bankruptcy Judge