UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: FN BUILDING, L.L.C.　　　　　　　　　Case No. 11-46947

　　　　　　　　　　　　　　　　　　　　　　Chapter 11

　　　　　Debtor.　　　　　　　　　　　　　　Hon. Marci B. McIvor

---

**CREDITOR AND TENANT HONIGMAN MILLER SCHWARTZ AND COHN LLP'S
<u>CONTINGENT OBJECTION TO LEASE ASSUMPTION/ASSIGNMENT</u>**

Honigman Miller Schwartz and Cohn LLP ("Honigman") for its Contingent Objection to Lease Assumption/Assignment, states:

1. Debtor's sole asset is a twenty-five story office building located in downtown Detroit, commonly known as the First National Building (the "Building").

2. The largest tenant in the Building is Honigman, which leases approximately five full floors in the Building.

3. In various court filings, Debtor has proposed, pursuant to 11 U.S.C. §363, to sell the Building to 660 Woodward Associates LLC, pursuant to a Purchase Agreement entered into on April 4, 2011, as may be amended (the "660 Sale"). Debtor has also indicated the possibility that there could be a potential sale to a different purchaser who is acceptable to Honigman and on terms that are acceptable to Honigman, in Honigman's sole and absolute discretion ("Acceptable Alternative"). Debtor was to have filed its formal motion to sell the Building by June 7, 2011, but it did not file it.

4. In conjunction with selling the Building, Debtor has also proposed that various executory contracts and unexpired leases are to be assumed by and assigned to the purchaser

pursuant to the 660 Sale (collectively, "Assumed Contracts"). Debtor's lease with Honigman is one of the Assumed Contracts ("Honigman Lease").

5. On May 13, 2011, Debtor filed and served an Amended Notice of (1) Assumption and Assignment of Unexpired Leases and Executory Contracts, (2) Cure Amounts, and (3) Procedures Relating to the Resolution of Cure Amount Disputes (Doc. #98) (the "Assumption/Assignment Notice").

6. The Court entered an order on May 16, 2011, entitled, Amended Order Granting Debtor's Motion for Approval of (A) a Break-Up Fee and Expense Reimbursement and (B)(1) Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases and (2) Form of Notice of Contract Assumption and Assignment and Cure Amounts in Connection With Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances (Doc. #100) (the "Assumption/Assignment Order").

7. In the Assumption/Assignment Order, the Court has provided a procedure for the assumption and assignment of the Assumed Contracts, and for the setting of cure amounts and obligations relating to them.

8. The Assumption/Assignment Notice, which is incorporated into the Assumption/Assignment Order, sets forth the amounts which Debtor contends are owed by Debtor to cure or satisfy each of the Assumed Contracts in order for such contract or lease to be assumed and/or assigned ("Cure Obligation"). The Assumption/Assignment Notice lists the Cure Obligation for the Honigman Lease as "unknown" (Doc. #98, p. 6). Any objections to a listed Cure Obligation must be filed with the Court on or before June 14, 2011. If no such objection is filed, then any later challenge to the listed Cure Obligation may be subject to estoppel.

9. If the 660 Sale or an Acceptable Alternative closes pursuant to an order entered by this Court under 11 U.S.C. §363, and the Honigman Lease is assumed and assigned to the successful purchaser on terms acceptable to Honigman for cure of Honigman's claims, then Honigman has no objections concerning the Honigman Lease Cure Obligation being listed as "unknown."

10. However, in the event that the 660 Sale or Acceptable Alternative does not close, then Honigman objects to the "unknown" cure amount listed as the Honigman Lease Cure Obligation in the Assumption/Assignment Notice and Assumption/Assignment Order. The correct amount of the Honigman Lease Cure Obligation is $1,659,352.72 as described in detail in the attached Exhibit A, entitled Cure Amount Due Honigman for Breaches of Lease by Debtor FN Building, LLC, through May 2011.

11. In sum, if the 660 Sale or an Acceptable Alternative closes, Honigman has no objection to the assumption or assignment of the Honigman Lease or to the Cure Obligation related to that lease listed as "unknown" in the Assumption/Assignment Notice and Assumption/Assignment Order. If the 660 Sale or an Acceptable Alternative does not close, then Honigman objects to the "unknown" Cure Obligation listed for the Honigman Lease in the Assumption/Assignment Notice and the Assumption/Assignment Order, because that listing is incorrect. Therefore, this is a contingent lease Assumption/Assignment Objection.

Dated: June 14, 2011	BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

          By: /s/ Todd R. Mendel
              Todd R. Mendel (P55447)
          Attorneys for Honigman Miller Schwartz
          and Cohn LLP
          211 W. Fort Street, 15th Floor
          Detroit, MI 48226-3281
          (313) 965-9725
          tmendel@bsdd.com

          DICKINSON WRIGHT PLLC
          By: James A. Plemmons
          Attorneys for Honigman Miller Schwartz
          and Cohn LLP
          500 Woodward Avenue, Suite 4000
          Detroit, MI 48226
          (313) 223-3500
          jplemmons@dickinsonwright.com

407161.2