UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: FN Building LLC,

      Debtor.

Case No. 11-46947
Chapter 11
Hon. Marci B. McIvor

**FINAL APPLICATION OF RUSKIN MOSCOU FALTISCHEK, P.C. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES ACTUALLY INCURRED**

1. Statement of Fee Request.

    A. Applicant requests total compensation for the Final Application Period (as such term is defined below) of $11,788.00, plus disbursement of the holdback in the amount of $11,846.80 for a total amount of $23,634.80.

    B. Applicant requests reimbursement of expenses for the Final Application Period of $160.65.

    C. Applicant was not paid a retainer.

2. The Final Application Period covers the time period of March 5, 2011 through and including July 13, 2011.

3. Prior to the Final Application Period, Applicant represented O'Keefe & Associates Consulting, LLC (the "Receiver") in (a) preparing and presenting its motion for an order pursuant to 11 U.S.C. § 543 to continue in its position as receiver during FN Building LLC's ("Debtor") Chapter 11 proceeding; (b) negotiating and obtaining a cash collateral order; (c) engaging in motion practice that resulted in the transfer of the Chapter 11 case from the United States Bankruptcy Court for the Southern District of New York ("SDNY Bankruptcy Court") to the United States Bankruptcy Court for the Eastern District of Michigan ("EDMI Bankruptcy

Court"); and (d) in effecting the transfer of legal proceedings and obligations to Michigan counsel.

4. Summary: The following is a narrative summary explaining the services performed during the Final Application Period and how the services benefitted the estate.

    A. **Business Operations (1.30 total hours; fees incurred - $650.00)**

        *i.* *Services Performed.* Applicant continued to assist the Receiver with respect to all areas of Debtor's business operations, including leases, invoices, expenses, and contracts.

        *ii.* *Benefits to the Estate.* The Applicant's assistance to the Receiver in meeting its on-going business and operational-related obligations and need for legal counseling related thereto during the Chapter 11 case was essential to preserving the going concern value of the Debtor's estate, and was necessary for the Receiver to properly perform as fiduciary of the Debtor's estate.

    B. **Case Administration (12.50 total hours; fees incurred - $4,350.50)**

        *i.* *Services Performed.*

            a. Applicant coordinated and oversaw issues regarding case management.

            b. Applicant corresponded with Michigan counsel, Varnum LLP, concerning the facts of this case and the transfer of legal responsibilities.

            c. Applicant worked to resolve various transition issues prior to the transfer of the bankruptcy proceeding from the SDNY Bankruptcy Court to the EDMI Bankruptcy Court.

            d. Applicant held conferences with the interested parties regarding the status of the transfer of the bankruptcy proceeding.

  *ii.*  *Benefit to the Estate.* The Applicant's assistance to the Receiver in meeting its on-going obligations to the Debtor's estate and its need for legal counseling related thereto during the Chapter 11 case which was essential to preserving the going concern value of the Debtor's estate, and was necessary to ensure an orderly transfer of the bankruptcy proceeding.

 C.  **Fee/Employment Applications:** **(26.50 total hours; fees incurred - $6,787.50)**

  *i.*  *Services Performed.*

   a.  Applicant presented issues regarding employment of Debtor's necessary professionals.

   b.  Applicant engaged in communications with professionals regarding compensation procedures going forward.

   c.  Applicant communicated with outside insurance adjuster and drafted application for retention, declaration in support and proposed order.

   d.  Applicant prepared billing fee statements for the U.S. Trustee and SDNY Bankruptcy Court's review.

   e.  Applicant assisted Debtor's counsel, Backenroth Frankel & Krinsky, LLP, in formatting and preparing its requests and applications for monthly and interim fees and expenses.

   f.  Applicant prepared and drafted its Final Fee Application.

  *ii.*  *Benefit to the Estate.* The Applicant's work in this regard benefitted the Debtor's estate by facilitating the fee applicant process for professionals retained for the benefit of the Debtor's estate, while the proceedings were removed from the SDNY Bankruptcy Court, in compliance with the applicable statutes and rules and to allow both the SDNY Bankruptcy Court and U.S. Trustee proper opportunities for review of such fee applications.

3            ::ODMA\PCDOCS\RMF_DOC\514881\4

11-46947-mbm    Doc 210    Filed 07/29/11    Entered 07/29/11 16:25:11    Page 3 of 6

5. Current Status.

On July 21, 2011, the EDMI Bankruptcy Court entered an order (Docket No. 192) granting the relief requested in Debtor's motion, dated June 24, 2011 (Docket No. 150), authorizing the sale of Debtor's assets free and clear of all liens, interest and encumbrances, to 660 Woodward Associates LLC.

6. Services to Be Rendered in the Future.

The Applicant does not anticipate rendering any future services to the Receiver.[1]

7. Amount and Nature of Accrued Unpaid Administrative Expenses.

Upon information and belief, the Debtor is current with its administrative expenses and owe only those expenses that have been incurred but not yet paid in the ordinary course of business, other than administrative expenses that accrued pre-petition, not in the ordinary course of business, or are otherwise contingent, unliquidated or disputed at the time of filing of this Application.

8. Services of More Than One Professional.

During the Final Application Period, there were certain instances where more than one professional necessarily met together, participated in conference calls and worked together to provide services in which each charged for their time. Each of these instances was necessary and either (i) allowed Applicant to utilize the talents of more than one of its professionals on particularly difficult issues; or (ii) facilitated the delegation of duties to professionals with lower hourly rates, reducing the overall costs to the estate. The Applicant submits that given the above

---

[1] On March 30, 2011 the EDMI Bankruptcy Court entered the *Order Approving the Retention of Varnum LLP as Counsel to the Receiver and (ii) Approving the Withdrawal of Ruskin Moscou Faltischek, P.C. as Counsel to the Receiver.*

4                                    ::ODMA\PCDOCS\RMF_DOC\514881\4

11-46947-mbm    Doc 210    Filed 07/29/11    Entered 07/29/11 16:25:11    Page 4 of 6

response, in light of the time entries during the Final Application Period, a rendering of a specific explanation with respect to each specific instance would result in unnecessary costs and be time prohibitive. However, if the Court deems such specific information necessary, the Applicant will supplement this Application with any requested information.

9. <u>Prior Fee Applications.</u>

Pursuant to the Order Authorizing Retention of Ruskin Moscou Faltischek, P.C., as counsel to the Receiver, *Nunc Pro Tunc,* and Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, entered on March 9, 2011, the SDNY Bankruptcy Court awarded the Applicant interim fees for the period of January 26, 2011 through March 4, 2011 in the amount of $47,913.57, which sum included a twenty (20%) percent holdback of $11,846.80 and reimbursement of expenses in the amount of $102.80.

10. The parties on whose behalf the Applicant was employed (the Receiver) have been given at least seven (7) days, prior to the filing of this Application, to review its contents and provide comment. Applicant has received no objection thereto.

12. In support of this request, Applicant has attached, as Exhibit 1, the proposed order granting the relief requested in this Final Application.

12. In support of this request, Applicant has attached, as Exhibit 2, the RMF Retention Order.

13. In support of this request, Applicant has attached, as Exhibit 3, a copy of Applicant's retention agreement.

14. In support of this request, Applicant has attached, as Exhibit 4, a summary of the attorneys providing services to or on behalf of the Receiver, the number of hours worked, their applicable billing rates, and total value of these services during the Final Application Period.

15. In support of this request, Applicant has attached, as Exhibit 5, a listing of Applicant's time records during the Final Application Period which set forth in chronological order each

specific service for which an award of compensation is sought pursuant to the Fee Guidelines promulgated by the United States Trustee Program, 28 C.F.R. Part 58 Appendix, subparagraph (b)(4) entitled "Project Billing Format".

16. In support of this request, Applicant has attached, as Exhibit 6, a brief biography of each attorney who has performed services for the Receiver.

17. In support of this request, Applicant has attached, as Exhibit 7, an itemized statement of expenses for the Final Application Period for which reimbursement is sought.

**WHEREFORE**, Applicant respectfully requests that it be awarded the following compensation for the Final Application Period:

| | | |
|---|---|---|
| A. | Compensation – Final Application Period | $11,788.00 |
| B. | Holdback | $11,846.80 |
| C. | Reimbursement – Final Application Period | $   160.65 |
| **Total Request** | | $23,795.45 |

Dated: July 29, 2011

RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
JEFFREY A. WURST
Attorneys for O'Keefe and Associates
Consulting LLC
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600