# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

**FN BUILDING, LLC,**

                    Debtor.

_____/

Chapter 11
Case No. 11-46947
Hon. Marci B. McIvor

## ORDER ON AMERICAN MECHANICAL CONTRACTORS, INC.'S (i) MOTION TO SET ASIDE SALE ORDER AND (ii) EX PARTE MOTION FOR STAY OF SALE ORDER

**THIS MATTER** having come before the Court upon the Court's Order (A) Authorizing the Sale of Substantially All of the Assets of the Debtor Free and Clear of All Liens, Claims, Interest and Encumbrances, (B) Authorizing the Assumption and Assignment Of Certain Executory Contracts and Unexpired Leases in Connection Therewith [Docket no. 192] (the "Sale Order"), and American Mechanical Contractors, Inc.'s ("American Mechanical") (i) Motion to Set Aside the July 21, 2011, Order (A) Authorizing the Sale of Substantially All of the Assets of the Debtor Free and Clear of All Liens, Claims, Interest and Encumbrances, (B) Authorizing the Assumption and Assignment Of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (C) Granting Related Relief [Docket no. 200] (the "Motion to Set Aside Sale Order")[1] and (ii) Ex Parte Motion For Order Staying Motion to Set Aside the July 21, 2011, Order (A) Authorizing the Sale of Substantially All of the Assets of the Debtor Free and Clear of All Liens, Claims, Interest and Encumbrances, (B) Authorizing the Assumption and Assignment Of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (C) Granting Related Relief [Docket no. 202] (the "Stay Motion"); 660 Woodward

_____

[1]  Capitalized terms not otherwise defined in this Order have the meanings given to them in the Sale Order.

Associates, LLC, the Purchaser ("Purchaser"), having filed a response to the Motion to Set Aside Sale Order and the Stay Motion [Docket no. 211]; the Court having conducted a hearing on the Motion to Set Aside Sale Order and the Stay Motion on August 2, 2011; the Court being otherwise fully advised in the premises; and upon the complete record of this chapter 11 case, and after due deliberation and good cause appearing therefor;

**IT IS ORDERED** that, within 30 days following the date of entry of this Order, American Mechanical and FNB Detroit 2010, LLC ("FNB"), the Debtor's secured lender, will file with the Court briefs on the issue of whether the construction lien on the First National Building asserted by American Mechanical is valid and of higher priority than the mortgage lien of FNB, to assist the Court in making a summary determination as to whether American Mechanical's alleged lien has priority over FNB's mortgage. This matter will be adjudicated as an objection to the claim of American Mechanical.

**IT IS FURTHER ORDERED** that should the Court find that any lien of American Mechanical is of higher priority than the mortgage lien of FNB, discovery will be permitted and an evidentiary hearing will be conducted on **November 9, 2011 at 9:00 a.m.** solely to determine the amount of American Mechanical's claim secured by such lien. Should the Court find that American Mechanical's lien does not have priority over FNB's mortgage, or is otherwise invalid, no evidentiary hearing will be conducted.

**IT IS FURTHER ORDERED** that FNB shall, immediately upon receipt of proceeds of the Sale as authorized by the Sale Order, remit $100,000.00 (the "Escrowed Funds") to OSIPOV BIGELMAN, P.C., counsel for American Mechanical, to be deposited into such firm's Client Trust Account and released only upon further order of this Court. No funds shall be due or paid to American Mechanical from the proceeds of the Sale at the Closing of the Sale.

**IT IS FURTHER ORDERED** that upon a finding that the construction lien of American Mechanical is of higher priority than the mortgage of FNB, and after a subsequent evidentiary hearing to determine the amount of such lien, the full amount of such lien, including costs, interest and attorneys' fees, to the extent allowed by applicable law, shall be paid to American Mechanical. Notwithstanding the foregoing or anything else contained in this Order, in accordance with the Sale Order, the sale of the Property and the assignment of the Assumed Agreements to Purchaser shall be free and clear of any lien, claim, interest and other encumbrance of American Mechanical and its successors and assigns, and any such lien, claim, interest and other encumbrance of American Mechanical will attach to the proceeds of the Sale in accordance with Sale Order. Therefore, if and to the extent that the Escrowed Funds are insufficient to pay the full amount of any lien of American Mechanical, in no event will any monies be due or be deemed to become due to American Mechanical from Purchaser or its successors or assigns on account of such lien or otherwise based on any lien, claim, interest or encumbrance of American Mechanical occurring or arising prior to the Closing of the Sale.

**IT IS FURTHER ORDERED** that, for clarity, nothing contained in this Order modifies or amends the Sale Order.

**IT IS FURTHER ORDERED** that American Mechanical's Motion To Set Aside Sale Order and Stay Motion, and all requests for relief therein, are denied on the merits and with prejudice.

.

Signed on August 05, 2011

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge

9476133.2

4