UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: FN Building LLC,

Debtor.

Case No. 11-46947
Chapter 11
Hon. Marci B. McIvor

### RESPONSE TO DEBTOR'S OBJECTION TO FINAL APPLICATION OF RUSKIN MOSCOU FALTISCHEK, P.C. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND <u>REIMBURSEMENT OF EXPENSES ACTUALLY INCURRED</u>

This response (the "Response") of Ruskin Moscou Faltischek, P.C. ("RMF") to the objection (the "Objection") by FN Building, L.L.C. (the "Debtor"), to the Final Application of RMF, as counsel to O'Keefe & Associates Consulting, LLC ("O'Keefe" or "Receiver"), for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Actually Incurred ("Fee Application"), respectfully represents and sets forth as follows:

### **PRELIMINARY STATEMENT**

As set forth in RMF's Fee Application, RMF provided the Receiver with the ability to continue in its position as receiver during Debtor's Chapter 11 proceeding. The only reason that RMF's services were necessary in the first place was because the Debtor filed its bankruptcy petition in the Southern District of New York (the "SDNY Bankruptcy Court") when it was ultimately determined after less than two months, that it was in the interest of justice and convenience of the parties to change venue to the Eastern District of Michigan, where the Debtor's real property, its sole asset, was located, and where state court proceedings, including a proceeding pursuant to which the Receiver was appointed, have been underway since 2009.

The Debtor now submits an objection to RMF's Fee Application that is rife with inaccuracies. The inaccuracies contained in the Objection are all the more puzzling because

1

many of the allegations contained in the Objection are directly contravened by RMF's Fee Application and invoices. This Response addresses the allegations made by Debtor in its Objection.

## **RESPONSE**

1. As discussed more fully in the Fee Application, RMF represented the Receiver in (a) preparing and presenting its motion for an order pursuant to 11 U.S.C. § 543 to continue in its position as receiver during Debtor's Chapter 11 proceeding; (b) negotiating and obtaining a cash collateral order; (c) engaging in motion practice that resulted in the transfer of this Chapter 11 case and (d) in effecting the transfer of legal proceedings and obligations to Michigan counsel.

2. On March 9, 2011 the SDNY Bankruptcy Court entered the *Order Authorizing Retention of Ruskin Moscou, P.C. as Counsel to the Receiver Nunc Pro Tunc and Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Retention Order").

3. The Retention Order awarded (i) RMF fees in the amount of $47,913.57, which sum represented 80% of RMF's requested fees and (ii) a holdback of 20% of RMF's requested fees in the amount of $11,846.80. Thus, contrary to Debtor's allegation that RMF is requesting an additional $25,000 in fees, RMF is only requesting an additional $11,788.00 in fees accrued prior to and during the transfer of this case. The additional $11,846.80 in fees has already been approved in the Retention Order and RMF is only seeking a disbursement of those fees.

4. As set forth more fully in the Fee Application, RMF's services to the Receiver prior to, during and after the transfer of this case allowed the Receiver to duly perform all of its duties and responsibilities with respect to the operation of Debtor's sole asset and were necessary for the Receiver to perform as fiduciary of Debtor's estate.

2
11-46947-mbm    Doc 261    Filed 09/15/11    Entered 09/15/11 16:05:44    Page 2 of 4

5. Further, Debtor's claim to disallow RMF's time entries on March 7, 2011 and March 8, 2011 because the Retention Order was entered on March 9, 2011 should be denied because the fees awarded by the Retention Order were as of March 4, 2011. The attached March 8, 2011 email from Michael T. Rozea, Esq. from RMF to Serene Nakano from the U.S. Trustee's Office includes a billing worksheet which the U.S. Trustee reviewed before RMF's fees were approved in the Retention Order. The fees included in this billing statement are through and including March 4, 2011. A copy of the March 8, 2011 email (with attachments) is annexed hereto as Exhibit "A".

6. No other parties (including those contacted by Debtor) have objected to the Fee Application.

## LEGAL AUTHORITY

7. Although there is a split in authority as to whether an applicant should be compensated for time spent in defending its fee application against good faith objections (*In re: St. Rita's Associate Private Placement, LLP.*, 260 B.R. 650 (Bankr. W.D.N.Y. 2001)), even the *St. Rita's* case recognizes the distinction between good faith and sanctionable conduct. It is respectfully submitted that the Objection was unsupported and unsupportable and as a result is sanctionable under Bankruptcy Rule 9011.

8. Therefore, whether or not the defense of a fee application is compensable, as the Ninth Circuit has held, *In re Smith*, 317 F.3d 918 (9th Cir. 2002), when objections are clearly without merit, the objector should compensate the party required to defend its fee application. Debtor's Objection is meritless and the Debtor should be required to compensate RMF for researching and preparing this Response.

**WHEREFORE**, for the reasons set forth above and in RMF's Fee Application, RMF respectfully requests that this Court enter an order (i) awarding RMF its fees and expenses requested in the Fee Application, plus the costs and reasonable attorneys' fees incurred in preparing this Response, (ii) denying the relief requested in Debtor's Objection, and (iii) granting RMF such other and further relief as the Court may deem just and proper.

Dated: Uniondale, New York
September 15, 2011

                              RUSKIN MOSCOU FALTISCHEK, P.C.

                              By: _____
                                  JEFFREY A. WURST
                                  Attorneys for O'Keefe and Associates
                                  Consulting LLC
                                  East Tower, 15th Floor
                                  1425 RXR Plaza
                                  Uniondale, New York 11556-1425
                                  (516) 663-6600